UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ZAKARIYYA AMIN,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, and
JOHN DOE AND JANE DOE #1-5 (the names
John and Jane Doe being fictitious, as the true
names are presently unknown),

                Defendants.
-----------------------------------------------------------------X

CV 12 - 2412

Case No.

SUMMONS ISSUED

COMPLAINT

JURY DEMAND

FILED IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 15 2012 ★
BROOKLYN OFFICE

BLOCK, J.

GO, M.J.

Plaintiff, ZAKARIYYA AMIN, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, and John Doe and Jane Doe #1-5 (collectively, "defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.    As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6. This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

## THE PARTIES

7. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8. At all relevant times, defendants John Doe and Jane Doe #1-5 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

9. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

10. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

11. Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. On or about February 21, 2012, at approximately 10:30 p.m., defendant officers, acting in concert, assaulted and arrested the plaintiff without cause at or within the vicinity of 2904 Stillwell Avenue, Brooklyn, New York.

13. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

14. Prior to the arrest, plaintiff, a professional barber who operates a nearby barbershop (hereinafter "barbershop"), had gone to the Island Food Court, a restaurant ("restaurant") located at aforesaid address, to place an order for his dinner.

15. As plaintiff was exiting the restaurant after buying his dinner, a gentleman who appeared to be homeless and with limited resources entered into the restaurant.

16. As the gentleman entered into the restaurant, the waiters appeared to turn him away and seemed to indicate that they would not serve or attend to the gentleman.

17. Believing that the waiters turned the gentleman away because of his apparent limited resources, plaintiff asked the waiters to attend to the gentleman and offered to pay for whatever services rendered to the gentleman.

18. The waiters however refused to attend to the gentleman and continued to insist that the gentleman depart immediately from the restaurant.

19. Plaintiff, who has been involved in the ownership, operation and/or management of the barbershop for several decades and is well acquainted with the owner of the restaurant and the community, continued to offer to buy food for the gentleman and attempted to inquire as to the reason why the waiters refused to attend to the gentleman.

20. As plaintiff continued in his attempt to buy food for the gentleman, the defendant officers entered into the restaurant.

21. As soon as defendant officers entered into the restaurant, they immediately accused the plaintiff of engaging in disorderly conduct and ordered the plaintiff who was standing very close to them at the time to approach even closer.

22. That the plaintiff promptly complied with defendant officers' directives and attempted to approach closer to defendant officers.

23. That the plaintiff at the same time informed the defendant officers that there were no problems or any sort of misunderstanding between him and any other individual.

24. As plaintiff got closer, defendant officers grabbed plaintiff by his right arm, twisted his right arm, and flipped him over causing the plaintiff to land on the floor with his right arm pinned down to the ground.

25. That the plaintiff was rendered unconscious as a result.

26. Nonetheless, defendant officers proceeded to repeatedly punch and smack the plaintiff on his face.

27. Eventually, defendant officers forcefully pulled up the plaintiff by his right arm and led him out of the restaurant with his right arm still twisted behind his back.

28. As defendant officers exited the restaurant, they continued to punch and smack the plaintiff on his face causing the plaintiff to sustain lacerations on his face and lips.

29. Eventually, after detaining the plaintiff for a lengthy period of time, defendant officers directed the plaintiff to "get the f[] out of here", and released the plaintiff from their illegal and unlawful seizure.

30. That the plaintiff, upon his release, immediately went to a nearby transit police station house or precinct to file a complaint, and was met by approximately two (2) or more officers.

31. That after speaking with the officers at the transit police station house or precinct, the officers led the plaintiff back to the restaurant.

32. When they arrived at the restaurant, the officers from the transit police station house or precinct directed the plaintiff to wait for them outside of the restaurant and under the watchful eyes of another officer who ordered the plaintiff not to move an inch from where he was standing at the time.

33. That after a period of time, the officers from the transit police station house or precinct emerged from the restaurant and directed the plaintiff to "go home".

34. When the plaintiff inquired as to whether anyone would be held accountable for the assault and unlawful actions taken against him, the officers from the transit police station house or precinct merely indicated that the plaintiff should be thankful that he was not in handcuffs languishing in jail.

35. As a result, plaintiff proceeded to file complaints with various agencies of defendant City of New York including but not limited to the Civilian Complaints Review Board.

36. That the defendants, upon information and belief, later went to the restaurant the following day or thereabout and retrieved the surveillance tape or video recording of the assault and unlawful actions taken against the plaintiff that are described herein.

37. At no time did defendant officers offer or provide the plaintiff with any medications or medical treatment for his injuries.

38. That the plaintiff, who is right handed, is now disabled and has been unable to work and/or perform his usual and normal activities as a result.

39. That each and every officer who responded to and/or was present at the location of the assault and arrest knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

40. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

41. As a result of the aforesaid actions by defendant officers, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, wages and financial losses, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

42. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 41 of this complaint as though fully set forth herein.

43. The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, failure to intervene, first amendment retaliation, fabrication of evidence and violation of due process rights.

44. The defendants denied plaintiff treatment needed to remedy his serious medical condition and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

45. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

46. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN AND MUNICIPAL POLICY

47. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

49. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, assaulting and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some crime or offense.

50. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (Weinstein, J.). *See also* the following cases filed in this district: *Alisha Brewster v. City of New York*, (11 CV 4874); *Robert Cooper v. City of New York*, (11 CV 4873, 11 CV 452); *Diane Dawson v. City of New York* (11 CV 4872); *Robert Rogers v. City of New York*, (11 CV 4870); *Richardson Francois v. City of New York* (11 CV 2086); *Geneeza Walls v. City of New York*, (10 CV 5769); *Javier Jones v. City of New York* (10 CV 3719); *Euday Bowman v. City of New York* (10 CV 3419); *Edward Ogunmoyin v. City of New York* (10 CV 1060); *John McLean v. City of New York* (10 CV 631).

51. That the issue of arrest quotas has been recently decided and/or it has been conclusively determined that officers of the New York Police Department are permitted, as a policy and/or practice, to use quotas to make arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

52. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

53. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in

particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

54. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

55. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, because of his race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

57. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of 42 U.S.C. § 1985.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

59. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

60. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting

cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

61. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

62. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

63. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FIFTH CAUSE OF ACTION: ASSAULT AND BATTERY

64. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 63 of this complaint as though fully set forth herein.

65. The conduct of defendant officers, as described herein, amounted to assault and battery.

66. By reason of and as a consequence of the assault, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

67. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been

anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

76. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

77. Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendants proximately caused plaintiff's injuries.

78. Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant officers, plaintiff incurred and sustained significant and lasting injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
May 15, 2012

UGO UZOH, P.C.

By: Ugochukwu Uzoh (UU-9076)
Attorney for the Plaintiff
304 Livingston Street, Suite 2R
Brooklyn, NY 11217
(718) 874-6045

11